**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMIRO MELGAR-
CARBAJAL; YOCSAN OSMIN
MELGAR-CARBAJAL,

No. 22-1216

Agency Nos.
A215-769-091
A215-769-092

Petitioners,

v.

MEMORANDUM[*]

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2024[**]
San Francisco, California

Before: M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Ramiro Melgar-Carbajal and his minor son petition for review of a decision

of the Board of Immigration Appeals ("BIA") affirming a decision by an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When the BIA adopts and affirms the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), we review the decision of the IJ, except to the extent the BIA expressly restricted the scope of its affirmance. *Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir. 2005). "When the BIA adds its own reasoning, we review both decisions." *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We review questions of law de novo and findings of fact for substantial evidence. *Abebe*, 432 F.3d at 1039–40.

1. Petitioners argue that Melgar-Carbajal suffered past persecution at the hands of an acquaintance, Feliciano, and that their particular social group of family is cognizable. However, to be eligible for asylum and withholding of removal, petitioners must establish a nexus between the past and feared harm and the protected ground—that is, that Melgar-Carbajal's family membership was one central reason or a reason that Feliciano targeted him. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). The agency found that Feliciano's past mistreatment was motivated by the personal dispute between the two men, not by family membership. It further found that petitioners had not shown that any protected ground would be a reason for their feared future harm. Petitioners do not

challenge these factual findings, which are dispositive of their asylum and withholding claims. *See id.* at 890–91. In any event, the findings are supported by substantial evidence, including Melgar-Carbajal's own testimony attributing Feliciano's behavior to that personal dispute.

2. Petitioners do not contest the BIA's finding that they failed to meaningfully challenge the IJ's denial of their CAT claims, and thus have forfeited the issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) ("[A]n issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived.").

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.